UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

JOSUE ESQUENAZI, ABRAHAM )
ESQUENAZI, and other similarly situated )
individuals, )
 )
              Plaintiffs, )
 )
v. )
 )
WORLDWIDE TRANSPORTATION )
SERVICES INC. and ALI A. MALEK, )
 )
             Defendants. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

The Plaintiffs, JOSUE ESQUENAZI, ABRAHAM ESQUENAZI, and other similarly situated individuals, sue the Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC. and ALI A. MALEK, and allege:

1. This is an action to recover money damages for unpaid overtime and minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiffs, JOSUE ESQUENAZI, ABRAHAM ESQUENAZI (collectively the "Plaintiffs"), are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiffs are covered employees for purposes of the Act.

3. Defendants, WORLDWIDE TRANSPORTATION SERVICES, INC. ("WTS") and ALI A. MALEK ("Malek") (collectively the "Defendants"), are a Florida Profit corporation and a Florida resident, respectively, having their main place of business in Miami-Dade County,

Florida, and at all times material hereto were and are engaged in interstate commerce. Malek, upon information and belief, lives in Miami-Dade County, Florida.

4. WTS is an enterprise owned or controlled by Malek.

5. WTS is under the administration and control of Malek.

### COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY JOSUE ESQUENAZI AGAINST WTS

6. Plaintiff, JOSUE ESQUENAZI ("J. Esquenazi") re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

7. This action is brought by J. ESQUENAZI, and those similarly situated, to recover from WTS overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). WTS is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, WTS operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and WTS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of WTS was at all times material hereto in

excess of $500,000.00 per annum, and/or J. ESQUENAZI, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, WTS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or J. ESQUENAZI, and those similarly situated, was engaged in interstate commerce for WTS. WTS' business activities involve those to which the Fair Labor Standards Act applies. WTS is a well-known luxurious transportation company and, through its business activity, affects interstate commerce. J. ESQUENAZI's work for WTS likewise affects interstate commerce. J. ESQUENAZI was employed by WTS as a driver for WTS' business.

10. While employed by WTS, J. ESQUENAZI routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. J. ESQUENAZI was employed as a driver, performing the same or similar duties as that of those other similarly situated drivers who J. ESQUENAZI observed worked in excess of 40 hours per week without overtime compensation.

11. On average, J. ESQUENAZI was paid approximately $1,000 to $1,500 per week.

12. However, WTS never paid overtime wages to J. ESQUENAZI for the hours that he worked in excess of 40 hours per week. J. ESQUENAZI was employed by WTS between November 2009 and December 24, 2015. J. ESQUENAZI worked approximately 100 hours per week for WTS. J. ESQUENAZI seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

13. Prior to the completion of discovery and to the best of J. ESQUENAZI's knowledge, at the time of the filing of this complaint, J. ESQUENAZI's good faith estimate of unpaid wages is as follows:

 a. Actual Damages: $68,850

    $1,500/ 100 hrs. = $15.00 (average hourly rate per hour) x .5 (overtime rate) x 60 (approximate overtime hours per week) x 153 (weeks) = $68,850

 b. Liquidated Damages: $68,500

 c. Total Damages Approximately: **$137,700, plus reasonable attorney's fees and costs.**

14. At all times material hereto, WTS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that J. ESQUENAZI, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by WTS to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of WTS who are and who were subject to the unlawful payroll practices and procedures of WTS and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

15. WTS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing J. ESQUENAZI, and those similarly situated, these overtime wages since the commencement of J. ESQUENAZI's, and those similarly situated, employees' employment with WTS as set forth above, and J. ESQUENAZI, and those similarly situated, are entitled to recover

double damages.  WTS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

16. WTS willfully and intentionally refused to pay J. ESQUENAZI overtime wages as required by the law of the United States as set forth above and remains owing J. ESQUENAZI these overtime wages since the commencement of J. ESQUENAZI's employment with WTS as set forth above.

17. WTS willfully and intentionally failed to keep records of all hours worked by J. ESQUENAZI and of all payments made to J. ESQUENAZI in violation of the Act and the Code of Federal Regulations.

18. J. ESQUENAZI has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, J. ESQUENAZI, and those similarly situated, request that this Honorable Court:

A. Enter judgment for J. ESQUENAZI, and other similarly situated, and against WTS on the basis of WTS' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award J. ESQUENAZI actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award J. ESQUENAZI an equal amount in double damages/liquidated damages; and

D. Award J. ESQUENAZI reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

J. ESQUENAZI, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

**COUNT II: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY ABRAHAM ESQUENAZI AGAINST WTS**

19. Plaintiff, ABRAHAM ESQUENAZI ("A. Esquenazi") re-adopts each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

20. This action is brought by A. ESQUENAZI, and those similarly situated, to recover from WTS overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

21. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). WTS is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, WTS operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and WTS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of WTS was at all times material hereto in

excess of $500,000.00 per annum, and/or A. ESQUENAZI, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

22. By reason of the foregoing, WTS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or A. ESQUENAZI, and those similarly situated, was engaged in interstate commerce for WTS.  WTS' business activities involve those to which the Fair Labor Standards Act applies.  WTS is a well-known luxurious transportation company and, through its business activity, affects interstate commerce. A. ESQUENAZI's work for WTS likewise affects interstate commerce. A. ESQUENAZI was employed by WTS as a driver for WTS' business.

23. While employed by WTS, A. ESQUENAZI routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed.  A. ESQUENAZI was employed as a driver, performing the same or similar duties as that of those other similarly situated drivers who A. ESQUENAZI observed worked in excess of 40 hours per week without overtime compensation.

24. On average, A. ESQUENAZI was paid approximately $1,000 per week.

25. However, WTS never paid overtime wages to A. ESQUENAZI for the hours that he worked in excess of 40 hours per week. A. ESQUENAZI was employed by WTS between October of 2014 and December 29, 2015.  A. ESQUENAZI worked approximately 100 hours per week for WTS.  A. ESQUENAZI seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

26.     Prior to the completion of discovery and to the best of A. ESQUENAZI's knowledge, at the time of the filing of this complaint, A. ESQUENAZI's good faith estimate of unpaid wages is as follows:

   a. Actual Damages: $19,200

      $1,000/ 100 hrs. = $10.00 (average hourly rate per hour) x .5 (overtime rate) x 60 (approximate overtime hours per week) x 64 (weeks) = $19,200

   b. Liquidated Damages: $19,200

   c. Total Damages Approximately: **$38,400, plus reasonable attorney's fees and costs.**

27.     At all times material hereto, WTS failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that A. ESQUENAZI, and those similarly situated, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by WTS to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of WTS who are and who were subject to the unlawful payroll practices and procedures of WTS and were not properly paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of 40 per week.

28.     WTS knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing A. ESQUENAZI, and those similarly situated, these overtime wages since the commencement of A. ESQUENAZI's, and those similarly situated, employees' employment with WTS as set forth above, and A. ESQUENAZI, and those similarly situated, are entitled to

recover double damages. WTS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime wage payments.

29. WTS willfully and intentionally refused to pay A. ESQUENAZI overtime wages as required by the law of the United States as set forth above and remains owing A. ESQUENAZI these overtime wages since the commencement of A. ESQUENAZI's employment with WTS as set forth above.

30. WTS willfully and intentionally failed to keep records of all hours worked by A. ESQUENAZI and of all payments made to A. ESQUENAZI in violation of the Act and the Code of Federal Regulations.

31. A. ESQUENAZI has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, A. ESQUENAZI, and those similarly situated, request that this Honorable Court:

A.   Enter judgment for A. ESQUENAZI, and other similarly situated, and against WTS on the basis of WTS' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award A. ESQUENAZI actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C.   Award A. ESQUENAZI an equal amount in double damages/liquidated damages; and

D.   Award A. ESQUENAZI reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

A. ESQUENAZI, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

**COUNT III: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY PLAINTIFFS AGAINST MALEK**

32. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

33. At the times mentioned, Malek was, and is now, the President/Officer/Director and/or owner of WTS. Malek was an employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that Malek acted directly in the interests of WTS in relation to its employees, including Plaintiffs and others similarly situated. Malek had operational control of the business and is jointly and severally liable for Plaintiffs' damages.

34. Malek was and is, at all times relevant, a person in control of WTS' financial affairs and can cause WTS to compensate (or not to compensate) its employees in accordance with the Act.

35. Malek willfully and intentionally caused Plaintiffs not to receive adequate overtime compensation as required by the law of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with WTS as set forth above.

36. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and those similarly situated, request that this Honorable Court:

A.  Enter judgment for Plaintiffs, and other similarly situated, and against Malek on the basis of Malek' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.  Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: January 26, 2016.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549